WILLIAM CURRY, APPELLANT, *vs.* WILLIAM MARVIN, APPELLEE.

The second section of the act of July 25, 1845, which limits the jurisdiction of the Supreme Court to cases where the matter in controversy exceeds the amount or value of fifty dollars, is not in conflict with that provision of the Constitution of this State, which declares that the Supreme Court, except in cases otherwise directed in this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations not repugnant thereto, as may, from time to time, be prescribed by law.

The word restriction means "*limitation, confinement within bounds,*" and as used in the Constitution, applies to the amount and to the time within which an appeal may be taken, or a writ of error sued out. The word regulation more properly applies to the mode and form of proceeding.

Courts of justice cannot act upon the presumption that powers conferred by the Constitution will be abused—or, because they may be, determine that they have not been given.

Where the sum in controversy is less than fifty dollars, this court has no jurisdiction.

William Curry, being an auctioneer in the County of Monroe, instituted a suit in the Circuit Court of that county, to recover from William Marvin, the defendant, the sum of eighteen dollars and

3

twenty-nine cents, being one per cent. on the sum of eighteen hundred and twenty-nine dollars, the amount of sales of certain lots belonging to defendant, and sold for defendant by plaintiff. The sum sought to be recovered was the amount of tax imposed by the county commissioners upon auction sales, alleged in this case to be the aforesaid sum of eighteen dollars and twenty-nine cents.

The defendant filed a demurrer to plaintiff's declaration in these words : " The said defendant in person says that the declaration is not sufficient in law, because he says that the county commissioners of said county levied said tax of one per cent. on auction sales without the authority of law."

At the spring term of the Circuit Court, sitting in and for the county of Monroe, Judge LANCASTER presiding, the demurrer to plaintiff's declaration was sustained, and plaintiff appealed to this court. The only question considered here, as appears from the opinion of the court, was whether this court has jurisdiction of the case.

*Thomas F. King,* for Appellant,

Contended that the 1st section of the act of the General Assembly of July 25, 1845, pamphlet 12, conflicts with section 2, article 5 of the Constitution, and that appeals may be taken in any case brought to the Circuit Court.

The object of the Constitution in providing for appeals, is to ascertain the legal rights of parties, and to secure them. Every such right is intended to be secured to each individual, and any provision abridging the means of obtaining it must be expressed without ambiguity. The words of the Constitution in art 5, sec. 2, that the Supreme Court shall have appellate jurisdiction, " under such restrictions and regulations," cannot be construed to authorize the Legislature to debar a party of his right of appeal. The words, "restrictions and regulations," apply to the modes and forms of proceeding in taking and prosecuting appeals. The restrictions were intended to be of the same nature with those which existed at the making of the Constitution, and operated then in prosecuting appeals. It will be seen, by reference to the laws regulating appeals and writs of error at that time, that there was no limit as to the amount in controversy, except in cases of $10 and under, over which justices of the peace had final jurisdiction. The restrictions in prosecuting appeals, then, are found in Duval, p. 109 to 112. The appeal must have been

taken within ten days after the session of the court at which judgment was rendered, p. 108, sec. 1. Before it would be heard, there must have been a bond filed with securities, if plaintiff, for the costs—if defendant, for the amount of the judgment and costs ; a copy of the proceedings must have been filed by the first day of the term, or the case would be dismissed. Sec. 2 & 4, p. 108, 109. For a writ of error to operate as a *supersedeas*, there must have been a special order of court, and a bond filed in double the amount of the judgment or costs, and the writ must have been sued out within two years after judgment. Sec. 7 & 10, p. 109, 110. In judgments against officers of the court, the same bonds and limitations as to time are provided as in other cases. Sec. 3, p. 111, 112. By act February 12, 1836, before appeal taken, the costs accrued and to accrue must have been paid, p. 112. In criminal cases, before the appeal could operate as a *supersedeas*, there must have been bond and security given to abide the judgment or sentence, p. 112.

These provisions are restrictions upon parties—they are intended to restrain them from taking appeals as of course—or from unfounded and vexatious appeals, and to give full security upon the final decision. They are mere " regulations"—which refer to the forms and order of proceeding in taking appeals, and are in part prescribed by the acts before referred to, and by the rules adopted by the Court of Appeals, under sec. 12, p. 110, where it is authorized to make rules for the " regulation" of cases brought to it. A restriction as to the time in which appeals must be taken, and to prosecuting them without giving bond and security, is something more than a regulation for the forms and order of proceeding in taking up and prosecuting an appeal. There is a wide distinction between these restrictions as to bonds and securities and limitations of time, and restrictions upon the right to which every individual is entitled, of appeal to a higher tribunal to obtain a legal claim, of which he is deprived by the judgment of the inferior court. Such a right can be barred only by clear and unmistakeable language in the Constitution. The Constitution does not and intends not to prohibit an appeal to obtain a legal claim—its object is to provide such restrictions and regulations as will give full security and prevent injustice to the parties, and of this nature are the restrictions and regulations that existed at its formation.

If the Legislature can restrict appeals to cases where the amount

claimed is over $50, it can restrict them to the highest amounts, and may exclude questions on the construction of a statute it may pass, or any questions, except those of the nature it may specify, from appeal. Such a construction of the Constitution might otherwise work great wrong. A party may have a multitude of accounts, each under $50, amounting to thousands of dollars, the recovery of all which depends on the same principle of law, yet, because none of his accounts amount to $50, he may lose all for want of an appeal. Suits are often brought on small amounts, to test questions (which is the design in this case) involving principles on which large claims depend, and in the establishment of which the community is deeply interested. In none are they more interested than in settling the construction of statutes by the courts. No construction should, if possible, be given to the Constitution which might work inconvenience or injustice, or which militates against its spirit, as would certainly be the case if any one, however small his claim, were prohibited from appealing, when he feels aggrieved by the judgment of an inferior court. Further: the Constitution can alone limit the jurisdiction of this Court.

The 2d sec., art. 5, before referred to, is the only one in the Constitution that gives jurisdiction to the Supreme Court. This is the clause from which it derives not only its power of "appellate jurisdiction only, except, &c.," but whatever power it has. This power authorizes its exercise of appellate jurisdiction, which is the only jurisdiction the court has, except the power given in the same section, to issue certain writs for maintaining its control over other courts. The clause conferring jurisdiction is connected with the words, "except in cases otherwise directed in this constitution," and is intended to convey the meaning as if read " the appellate jurisdiction shall extend to all cases, except to cases otherwise directed in this Constitution," as well as to read " the court shall have appellate jurisdiction *only*, except in cases otherwise directed in this Constitution." If, then, there be any limitation as to the amount in cases, it must be sought for in the Constitution. Such a limitation does not exist there.

*Marvin*, for Appellee.

Chief Justice DOUGLAS delivered the opinion of the court:

This case was brought up by appeal from the Circuit Court of Monroe County. The plaintiff in his declaration demands of the defendant

the sum of eighteen 29-100 dollars, the damage laid is ten dollars—making in the aggregate the sum of twenty-eight 29-100 dollars only. We are, therefore, met at the threshhold of the case here, with the question, whether this court has jurisdiction in it?

The Constitution of this State, chap. 4, sec. 2, No. 1, of Thompson's Digest, page 50, declares that the Supreme Court, except in cases otherwise directed in this Constitution, shall have appellate jurisdiction only—which shall be co-extensive with the State, under such restrictions and regulations not repugnant to this Constitution, as may, from time to time, be prescribed by law."

The act of the General Assembly of July 25th, 1845, 1 Pamphlet Laws, page 12, Thompson's Digest, sec. 2, no. 5, pages 50, 51, prescribes that "the Supreme Court of this State shall have and exercise appellate jurisdiction in all cases brought up by appeal or writ of error from the several Circuit Courts, when the matter in controversy exceeds in amount or value fifty dollars." This act limits the jurisdiction of this court, and must govern its proceedings in this case, unless it is repugnant to and conflicts with the provision of the Constitution above cited.

It is contended by the counsel for the appellant that it does so conflict; at least we understand the argument to be, that a strict construction of the article of the Constitution before referred to, would make it thus conflict; that the words of that article, "the Supreme Court shall have appellate jurisdiction, under such restrictions and regulations," ought not and cannot properly be construed to authorize the Legislature to debar the party of his right of appeal, however *small* the sum or value in controversy may be. Those words, it is argued, apply only to the modes and forms of proceeding in taking and prosecuting appeals. To this proposition, as thus laid down, we cannot yield our assent. The word *restriction* is defined by the best lexicographers to mean *limitation, confinement within bounds*, and would seem, as used in the Constitution, to apply to the amount and to the time within which an appeal might be taken, or a writ of error sued out. The word *regulation* has a different signification—it means method, and is defined by Webster in his Dictionary, folio 3d, page 929, to be "a rule or order prescribed by a superior for the management of some business, or for the government of a company or society." This more properly perhaps applies to the mode and form of proceeding in taking and prosecuting appeals and writs of

error. By the use of both of those terms, we think that something more was intended than merely regulating the mode and form of proceedings in such cases ; and that the word *restriction,* as used in the Constitution, supports and fully sustains the provisions of the 2d section of the act of 25th July, 1845, which by its terms limits the jurisdiction of this court to cases where "the matter in controversy exceeds the amount or value of fifty dollars."

It is further argued that "If the Legislature can restrict appeals to cases where the amount claimed is over fifty dollars, it can restrict them to the highest amounts, and may exclude questions on the construction of statutes it may pass." But it is not to be presumed that the General Assembly would thus abuse the authority which, by the clause of the Constitution above cited has been conferred upon it.— The same argument would hold as to any discretionary power. All such powers may be misused ; but courts of justice cannot act upon the presumption that they will be, or because they may, determine that they have not been given. These were more properly matters for the consideration of the Convention that formed the Constitution and the people who adopted it. The Constitution of the United States (Art. 3, Sec. 2,) provides that "The judicial power shall extend to *all cases in law and equity* arising under this Constitution, the laws of the United States, and treaties made, or which shall be made under their authority ; to all cases affecting ambassadors, other public ministers and consuls ; to all cases of admiralty and maritime jurisdiction ; to controversies between two or more States ; between a State and citizens of another State ; between citizens of different States ; between citizens of the same State claiming lands under grants of different States ; and between a State, or the citizens thereof, and foreign States, citizens or subjects." In all cases affecting ambassadors, other public ministers and consuls and those in which a State shall be a party, the Supreme Court shall have *original jurisdiction.* In *all other cases,* before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations as Congress shall make. 1st United States Statutes at large, 18. Thompson's Digest, App. 561. Under the power conferred by this Article, Congress (by the Act of 24th September, 1789, 1st U. S. Statutes at large, 80,) provided that "Final judgments and decrees in *civil* actions and suits in equity in a circuit court, brought there by original process, or removed there

by appeal from the district court, where the matter in dispute *exceeds* the sum or value of two thousand dollars, exclusive of costs, may be re-examined and reversed or affirmed in the Supreme Court.

Now it may as well be said that, if the Congress of the United States can restrict appeals and writs of error to the Supreme Court to *civil* cases where the matter in dispute exceeds the sum or value of two thousand dollars, exclusive of costs, it may restrict them to the highest amount; or that, if it may except one class of cases, it may except all or, at least, so large a portion as to render that high tribunal almost entirely useless. We have seen that the judicial power extends to *all cases* in *law* and equity, yet the Supreme Court of the United States has no appellate jurisdiction in *criminal* cases, and cannot revise the judgments of the circuit courts by writ of error or *habeas corpus,* in any case where a party has been convicted of a public offence. *Ex parte* Kearney, 7 Wheat. 38. It could not, if the excess of the fine were apparent on the record. *Ex parte* Tobias Watkins, 7 Peters' Reps. 568, 574. The appellate jurisdiction given to the Supreme Court by the Constitution, (Art. 3, Sec. 2,) being with such exceptions and under such regulations as the Congress shall make. If Congress has provided no rule, the Court cannot exercise the appellate jurisdiction; if the rule is provided, it cannot be departed from. Wiscart *v.* Danely, 3 Dall., 321, 327. 1 Peters Cond. Rep., 144, 146. The term *civil actions* would, from its natural import, embrace every species of suits which is not of a criminal kind. 3 Dall., 321. 1 Peters' Cond. R., 146; yet the Supreme Court of the U. S., has no revising power over the decrees of the District Court sitting in bankruptcy. *Ex parte* Christy 3 Howard, S. C. Reps., 292. But "because there is no appeal given, it by no means follows (say the court in the latter case) that the jurisdiction is either oppressive or dangerous. No appeal lies from the judgments, either of the District or Circuit Court in criminal cases, and yet, within the cognizance of one or both of those courts, are all crimes and offences against the United States, from those which are capital down to the lowest misdemeanors affecting the liberty and the property of the citizens." And yet there can be no doubt that the denial of appellate jurisdiction is founded in a wise, protectional public policy. The same reasoning would apply to the appellate jurisdiction from the decrees and judgments of the Circuit Court, which are limited to cases above $2,000, and cases below that sum embrace a large proportion

of the business of that court." Ibidem, 317. So cases below the sum of fifty dollars, may and generally do embrace a considerable portion of the business of our Circuit Courts; but the limitation of the right of prosecuting an appeal or writ of error to cases above that sum, is, we think, neither oppressive nor dangerous. And the appellate jurisdiction of this Court, conferred upon it by the Constitution, being under such restrictions and regulations, not repugnant to that Constitution, as may, from time to time, be prescribed by law; and that jurisdiction having been limited by law to cases where the matter in controversy *exceeds* in amount or value fifty dollars; and that provision not being in our opinion repugnant to the Constitution; and the sum in controversy in this suit being *less* than fifty dollars, this Court has no jurisdiction of it, and it must, therefore, be dismissed.

*Per curiam.*