## POWDRILL v. POWDRILL.

(Court of Civil Appeals of Texas. Feb. 3, 1911.)

1. APPEAL AND ERROR (§ 100*)—INJUNCTION —REFUSAL TO DISSOLVE—MODIFICATION.

Acts 1909, c. 34, § 2, authorizing an appeal from an order granting or refusing a temporary injunction, or granting a motion to dissolve the same, does not authorize an appeal from an order modifying a temporary injunction, and denying a motion to dissolve the same as modified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. § 100.*]

2. APPEAL AND ERROR (§ 1*)—RIGHT OF APPEAL—STATUTORY AUTHORITY.

The right of appeal does not exist unless conferred by statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1–4; Dec. Dig. § 1.*]

3. APPEAL AND ERROR (§ 627*)—JURISDICTION —FILING RECORD—TIME.

Under Acts 1909, c. 34, § 2, authorizing an appeal from an order granting or refusing a temporary injunction, or granting a motion to dissolve the injunction, and requiring the record to be filed in the appellate court within 15 days after record of the order appealed from, the court can acquire no jurisdiction where the record is not filed in the appellate court within the time specified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749; Dec. Dig. § 627.*]

Appeal from District Court, Shelby County; James I. Perkins, Judge.

Action by Delilah A. Powdrill against J. O. Powdrill. From an order refusing to dissolve a temporary injunction, and modifying and continuing the same in force, defendant appeals. Dismissed.

PLEASANTS, C. J. This appeal is from an order of the district court of Shelby county made in term time overruling a motion presented by appellant to dissolve a temporary injunction theretofore granted in this cause on application of appellee, and modifying and continuing in force said temporary injunction. The term of the court at which the order was made began on February 7, 1910, and ended on March 12, 1910. The suit, which is one for divorce, was brought by appellee to the August term, 1910, of said court; her original petition having been filed on February 15, 1910. The petition asked for a temporary injunction restraining appellant from disposing of the community property, and from interfering with plaintiff's custody and control of their children pending the final hearing of the suit. Such injunction was granted by the court on the day the petition was filed, and a writ issued and served upon appellant. Thereafter appellant filed a motion to dissolve the temporary injunction, which was heard and overruled by the court on March 7, 1910. The order overruling the motion to dissolve modified the temporary injunction to some extent, and directed that, as so modified, said injunction continue in force until a final hearing of the case. Appellant gave due notice of appeal from this order, and on March 28, 1910, filed a transcript of the proceedings in this court.

Appellee has moved to dismiss the appeal on the ground that no appeal is given by the statute from an interlocutory order overruling a motion to dissolve a temporary injunction, and therefore this court is without jurisdiction to hear and determine such appeal. The motion must be sustained. The act of 1909 (Acts 1909, p. 355, c. 34, § 2), giving the right of appeal from an order granting or refusing a temporary injunction, or granting a motion to dissolve such an injunction, does not give the right to appeal from an order overruling a motion to dissolve. While the wisdom of this discrimination, which in many cases deprives a defendant against whom a writ of injunction has been granted without notice of an opportunity to show the trial court that such injunction was erroneously granted, may well be doubted, it is a matter exclusively within the discretion of the Legislature. Appellate courts can only exercise such jurisdiction as is conferred upon them by law, and, unless the right of appeal is given in the particular case by statute, we have no jurisdiction to hear such appeal.

Under the statute above cited in all appeals provided for thereby the transcript of the proceedings must be filed in the appellate court within 15 days after the record of the order appealed from. This provision has been declared by the Supreme Court to be jurisdictional, and, unless the record is filed in the appellate court within the time prescribed by the statute, such court acquires no jurisdiction to entertain the ap-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

peal. Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526. Under this rule, even if the order modifying and continuing the injunction in force could be regarded as one from which an appeal would lie under the statute, the record not having been filed in this court within 15 days after the order was entered of record, we would not have acquired jurisdiction to hear such appeal. The order, however, cannot be regarded as a regranting of a temporary injunction so as to give a right of appeal therefrom.

The motion is sustained, and the appeal dismissed.