MUELA v. MOYE. (No. 591.)

(Court of Civil Appeals of Texas. El Paso. March 30, 1916.)

1. APPEAL AND ERROR ☞101(1)—ORDERS APPEALABLE — COUNTY COURT — APPOINTMENT OF RECEIVER.
   In the absence of statute, no appeal lies to the Court of Civil Appeals from an interlocutory order of the county court appointing a receiver; Rev. St. 1911, § 2079, authorizing an appeal from an interlocutory order of the district court appointing a receiver or trustee in any cause, not applying.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 681–685; Dec. Dig. ☞ 101(1).]

2. APPEAL AND ERROR ☞1 — RIGHT OF APPEAL—STATUTORY AUTHORITY.
   No right of appeal exists in a particular case, unless conferred by statute.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1–4; Dec. Dig. ☞1.]

Appeal from El Paso County Court; Adrian Pool, Judge.

Proceedings by Max Moye against Cayetano Muela. From an interlocutory order appointing a receiver, defendant appeals. Dismissed.

O. L. Bowen, of El Paso, for appellant. John L. Dyer and A. R. Grambling, both El Paso, for appellee.

HIGGINS, J. This is an appeal from an interlocutory order of the county court of El Paso county, appointing J. Harley receiver of a brindle bull dog named Richard.

Max Moye filed his petition herein on January 19, 1916, and averred that he was the owner of a certain brindle bull dog about three years of age; that said bull dog answers to the name of Richard, and is the same bull dog which was given to him by one R. H. Simms, who resides in Las Cruces, N. M.; that the said brindle bull dog was given to plaintiff by the said R. H. Simms about 14 months previously and was kept by the plaintiff on his premises at 923 N. Oregon street in the city of El Paso for about a week or ten days; that after the lapse of said time, the bull dog in some way escaped or was taken from the possession and premises of plaintiff, and was never seen by plaintiff again until January 14, 1916, when said bull dog was found in the possession of the defendant, Cayetano Muela; that the defendant unlawfully obtained possession of the above-mentioned bull dog, and is now holding possession of said brindle bull dog and claiming some right, title, or interest to said brindle bull dog contrary to the title and ownership of the plaintiff, and the defendant, though often requested, has failed, neglected, and refused to deliver or surrender said brindle bull dog named Richard to plaintiff; that said brindle bull dog is of the reasonable market value and of the actual intrinsic value of $250, lawful currency of the United States of America and that said brin-

dle bull dog is highly prized by plaintiff as a pet; and that the value of said brindle bull dog to plaintiff, by reason of the attachment and affection which the plaintiff has for him, is greatly in excess of said sum of $250 and cannot be measured in terms of money.

It is further alleged that, although it would be possible to obtain possession of said brindle bull dog by sequestration process of law, nevertheless, if said process were issued and such writ was served and possession of said bull dog was obtained by plaintiff, the defendant would have the right to replevy said brindle bull dog, and plaintiff fears that the defendant would replevy the bull dog, and would thus defeat plaintiff's possession of said bull dog under a writ of sequestration, and that injuries, serious in nature, would result to such bull dog, and plaintiff therefore prays the court, by reason of such facts, and by reason of the value attaching to said bull dog as a pet, and by reason of the affection and attachment which plaintiff feels towards said bull dog, that a receiver be appointed to take charge of said brindle bull dog, with directions to care for said brindle bull dog and keep him safe and free from harm and in good condition until such time as suit has been fully determined and the ownership of the brindle bull dog awarded and determined by the court. The petition concluded with prayer for all the relief to which plaintiff was entitled, both legal and equitable, special and general.

Upon the date of its filing, the foregoing petition was presented to Judge Pool, judge of the county court of El Paso county, Tex., who thereupon indorsed his fiat upon the same, reciting that said petition had been presented to him, and that he had read the same, and especially that part of the petition regarding the appointment of receiver, wherefore he ordered that J. Harley be appointed receiver of said brindle bull dog, and Mr. Harley was directed to take possession and charge of him, and to care for and keep him in good condition, safe and free from harm, and that Mr. Harley be required to give bond in the sum of $500. Upon the same day Harley filed his affidavit, in which he swore he would faithfully perform all the duties of receiver of the brindle bull dog. On the same day, a bond was filed by Max Moye, as principal, and A. J. Schutz and E. Moye, as sureties, in the sum of $500, payable to Judge Pool and his successors in office, conditioned that J. Harley would faithfully discharge all of the duties of receiver in the cause and obey the orders of the court herein. The record does not disclose any bond by Mr. Harley.

Appellant first calls attention to the fact that the bond in this case has been given by Moye instead of Harley, and complains bitterly thereof. It must be admitted there is no little merit in this plaint. Harley is the man who swore he would care for Richard, and he is the man that should have been required to give the bond to insure the faithful performance of the trust which has been confided to him. Moye, upon oath, stated he loved the dog, that he had a great affection and attachment for him, and that Richard possessed a value to him which could not be measured in mere terms of money. This bond of affection should have sufficiently relieved the court's mind of any fear that Moye would be guilty of harsh treatment or improper conduct towards Richard, and dispensed with any necessity for Mr. Moye to give bond. But not so with Harley. The record is wholly silent as to the existence of any ties between Harley and Richard which can excuse the court's conduct in surrendering Richard to him without a heavy bond to insure the performance of his sworn duty to the dog. In the very able brief filed by appellee's counsel, they have not undertaken to excuse this dereliction upon the court's part, and no reason whatever occurs to us why it should be palliated. If it be the law that brindle bull dogs may be surrendered to the tender mercies of receivers without bond, then there is little protection for them. This court will not so hold, unless impelled to do so by authority which cannot be disregarded.

Appellant makes the further contention that the action of the court in appointing Richard's receiver was unauthorized under the general principles of equity, because the petition upon its face discloses that Moye had an adequate remedy at law by sequestration. Upon a perusal of the petition, it does seem that one of the basic reasons assigned for the appointment of a receiver is the fact that plaintiff has a legal remedy, but does not desire to use it, as it will not hamstring the defendant quite as effectually as the plaintiff desires to do. This does present a novel principle, but still we have no patience with appellant for raising the question. Had Richard been a common cur, the point, with propriety, could have been raised, and would have been well taken. But it overlooks the fact that he is not a dog of common kidney. This is apparent when it is considered that he bears the patrician name of Richard, and was given to plaintiff by Mr. R. H. Simms, who resides in Las Cruces, N. M. It is quite evident he is a brindle bull dog of gentle birth; that he has been carefully nurtured and protected from the degrading and contaminating influences of association with common curs or other canines whose antecedents, habits, and characters may be looked upon askance. Such being his status, it would be improper that he should be handled by an ordinary sheriff or constable under a writ of such plebeian nature as that of sequestration. The sheriff or constable would probably fail to treat him with the consideration and care which is his right and due. They might put him in the public pound. In

their possession he might have to gnaw bones instead of eating dog biscuit. In any event, it is quite likely they would permit him to associate with dogs he ought not to associate with. As a result of such association he would become lousy and perhaps mangy. At this time there are some typhus lice roaming along the Rio Grande, and he might be bitten by one of these and come to an untimely death. So we must wholly reject the idea that sequestration was the proper remedy. Upon the contrary, the court, sitting as a chancellor, has properly taken Richard under his direct supervision and control, and intrusted him to his personal representative. Appellant has assigned no reason why a brindle bull dog should be considered beyond the pale of equity jurisdiction, and none occurs to this court.

Mr. Muela also complains of the appointment of the receiver upon an ex parte hearing without notice to him. But it is very plain that plaintiff wanted to get Richard away from Muela before Muela knew what had happened. If notice had been given, this purpose would have been defeated. One of the professed grounds for a receivership instead of sequestration was to prevent Muela from retaining possession of Richard.

It is also objected to the sufficiency of the petition that it fails to allege, by any specific allegation, that the brindle bull dog in question has his residence or place of abode or is within the limits of El Paso county, except as the court might infer such to be the case from the allegation that Mr. R. H. Simms, who resides in Las Cruces, N. M., gave the plaintiff said brindle bull dog about 14 months past, and that he was kept by plaintiff on his premises at No. 923 N. Oregon street, in the city of El Paso, Tex., for about a week or ten days, and that said dog escaped, or was taken, from said premises. This objection is technical, and for that reason is overruled. In the consideration of this case, technicalities must have no place.

Appellant is also dissatisfied with the sufficiency of Moye's allegations concerning his love and affection for Richard. We regard these allegations as quite sufficient. They adequately show the depth and warmth of his affection. Appellant and his able counsel are entirely too hard to please. All through their brief they exhibit a complaining and critical nature.

[1, 2] In the foregoing we have discussed the merits of this case, but such discussion will be appraised at its true value when it is considered that this court is without jurisdiction of the appeal. We have no doubt the parties and their counsel will realize the kindly spirit in which the foregoing comments have been made. But appeals do not lie from interlocutory orders except in certain instances. This case does not fall within any exception to the general rule. Article 2079,

R. S., authorizes an appeal from an interlocutory order of the district court appointing a receiver or trustee in any cause. We know of no statute authorizing an appeal from such an order of the county court. Appellate courts can only exercise such jurisdiction as is conferred upon them by law, and no right of appeal exists in a particular case unless conferred by statute. Powdrill v. Powdrill, 134 S. W. 272.

For want of jurisdiction, this appeal is therefore dismissed.