## MOTLEY v. TOM GREEN COUNTY.
### No. 4565.

Court of Civil Appeals of Texas. Amarillo.
Feb. 24, 1936.

On Rehearing March 30, 1936.

Rehearing Denied April 27, 1936.

Upton & Upton and Travis E. Baker, all of San Angelo, for appellant.

O. C. Fisher and Glenn R. Lewis, both of San Angelo, for appellee.

HALL, Chief Justice.

J. M. Harper was elected and duly qualified as treasurer of Tom Green county on January 1, 1933. He served until his death on May 6, 1934. The commissioners' court fixed his compensation at one per cent. upon all funds received and disbursed, not to exceed the total sum of $2,000 per annum. Harper drew the entire amount due him as commissions in 1933. In January, 1934, he drew $659.74, which represented one per cent. of the receipts and disbursements of county funds during that month. In February he drew the sum of $1,340.26, which was less than one per cent. of the receipts and disbursements during such month, and this amount, which aggregated $2,000, he appropriated as his compensation for the year 1934.

After Harper's death on May 6, 1934, J. A. Motley qualified as administrator of his estate, and Tom Green county filed with Motley, as administrator, its claim for $1,315.09, contending that the consideration for such amount out of the $2,000 Harper had paid himself as commissions had failed, and asking that said sum be refunded. The claim was rejected, and Tom Green county filed this suit to recover $1,319.09.

In May, 1934, the commissioners' court appointed George A. Bond as treasurer, allowing him one-half of one per cent. of receipts and disbursements as his compensation. Bond's commissions, computed upon the amounts received during the remainder of the year and paid out, aggregated the sum of $983.53. This was paid him in December, 1934. Plaintiff then presented its claim to the administrator of Harper's estate for $983.53, which was rejected. The county then amended its petition and claimed said sum in the alternative.

No jury was impaneled, and the case as presented here is unusual in several particulars.

When the case was argued at Austin, the statement was made that no testimony had been introduced upon the trial. There is neither a statement of facts nor an agreed case, but the record contains what purport to be findings of fact by the trial judge, but is silent as to where he found them. Conclusions of law were also filed by him. The appellee's brief contains this statement: "Appellant requested the court to file findings of fact and conclusions of law. No evidence was offered, but the court obliged by filing such findings made in accordance with the admissions in the pleadings." The pleadings were neither verified nor introduced in evidence. It therefore appears that the judgment was rendered in the court below without the introduction of any testimony whatever, and the record shows no agreement under any article of the statutes upon which such a judgment could have been entered.

 A judgment without hearing evidence is erroneous unless some statutory requirement has been complied with which would tend to validate the judgment, Duke v. Gilbreath (Tex.Civ.App.) 10 S.W.(2d) 412; and a judgment of a court of record must be founded upon sufficient facts legally obtained. Blalock v. Jones (Tex.Civ.App.) 1 S.W.(2d) 400, 402; McCankey v. Henderson, 24 Tex. 212; Mo. Pac. Ry. Co. v. Haynes, 82 Tex. 448, 18 S.W. 605. The record contains no stipulation whatever, and no admissions were made in open court. As stated above, there is no statement of facts, and we have no agreed case.

Rev.St. art. 1837, provides that: "A trial in a Court of Civil Appeals shall be * * (2) or on statement of the pleadings and proof as agreed upon by the parties or their attorneys." We cannot consider the case under that article of the statute because, as stated, no proof was offered by either party, nor is there any agreement shown in open court with reference to the testimony as having been made by either of the parties or their attorneys.

Rule 47 for the district and county courts provides: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

In the case of Parrish v. Wright (Tex. Civ.App.) 293 S.W. 659, this court considered a case somewhat similar in its main features to the instant case because there was an agreement in open court with reference to the pleadings, and the judgment was rendered thereon, but no such agreement or stipulation appears in this record.

Rev.St., art. 2244, provides in substance that where it is agreed between parties or attorneys that the evidence adduced upon the trial of the case is sufficient to establish a fact or facts alleged by either party, the testimony of the witnesses, and the deeds, wills, records, or other written instruments admitted in evidence relating thereto, shall not be stated or copied in detail into a statement of facts, but the facts thus established shall be stated as proved in the case, etc. This statute was enacted for the purpose of shortening statements of facts by relieving the stenographer of copying long instruments in the record, and by agreement incorporating the legal effect of such instruments or stating their substance, purport, and effect briefly.

Rev.St. art. 2280, provides: "The parties may agree upon a brief statement of the case and of the facts proven, with or without copies of any part of the proceedings as shall, in their opinion, enable the appellate court to determine whether there has been any error in the judgment; and, if the judge shall approve and sign such statement, it shall be filed among the papers of the cause and constitute a part of the record, and, on appeal or writ of error shall be copied into the transcript in lieu of such proceedings themselves." This statute was enacted for the same general purpose as article 2244. It is also clear that no effort has been made to comply with this article of the statute.

 No one has an inherent right to appeal from an adverse judgment. The right to appeal exists only in virtue of the Constitution and statutes of the state, in the absence of which there is no right. Field v. Anderson, 1 Tex. 437; Herd v. Pearman (Tex.Civ.App.) 275 S.W. 271; Shipley v. Dallas, etc., District (Tex.Civ.App.) 233 S. W. 556; Hudson v. Smith, 63 Tex.Civ.App. 412, 133 S.W. 486.

The Constitution, article 5, § 6, provides that Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the district courts or county courts have origi-

nal or appellate jurisdiction "under such restrictions and regulations as may be prescribed by law. * * * Said courts shall have such other jurisdiction, original and appellate as may be prescribed by law."

■ The general rule, as stated in 3 C.J. 299, § 1, is that a constitutional provision that certain courts shall have appellate jurisdiction in such cases arising in inferior courts in their respective counties as may be prescribed by law limits the exercise of their jurisdiction to the extent and made which the Legislature may prescribe. Titus v. Latimer, 5 Tex. 433; Sherer v. Lassen County Super. Ct., 94 Cal. 354, 29 P. 716; Featherman v. Granite County, 28 Mont. 462, 72 P. 972; Curry v. Marvin, 2 Fla. 411.

■■ Before this court can acquire jurisdiction of a case, it must have been tried below and transferred from that court to this court in accordance with some provision of the statute provided for that purpose. Unless the right of appeal is granted by the Constitution, it is but a privilege, not an irrevocable right, and may be restricted, changed, and regulated by the Legislature at discretion. San Antonio & A. P. Ry. v. Blair, 108 Tex. 434, 196 S.W. 502, 1153, 184 S.W. 566. Since the right of appeal has been regulated by the statutes above referred to, an appeal must conform to some one of the methods provided before this court acquires jurisdiction. Hudson v. Smith, 63 Tex.Civ.App. 412, 133 S. W. 486; Powdrill v. Powdrill (Tex.Civ. App.) 134 S.W. 272; Muela v. Moye (Tex. Civ.App.) 185 S.W. 331.

For the reasons stated, the judgment is reversed and the appeal is dismissed.

### On Motion for Rehearing.

Both parties have filed motions, requesting that the case be reinstated and decided upon the merits.

We held in the original opinion that because the controversy had not been transferred to this court in accordance with any statutory provision regulating such matters, or any rule made by the Supreme Court, we acquired no jurisdiction, and the judgment was reversed and the appeal dismissed.

In their motions, both of which are verified by counsel, it is stated for the first time that there was an agreement in open court that the pleadings correctly stated the facts, and that the court might determine the questions of law involved upon the

facts so stated. The judgment recites that the trial judge heard the evidence. Both parties admit that no evidence was introduced, and attached to one of the motions is an ex parte affidavit by the district judge, which recites that "said cause was tried upon the admissions of the plaintiff and defendant through their attorneys of record, said admissions being made in open court and in the pleadings of the parties; that judgment was based upon such admissions and the findings of fact, prepared and filed by me in said cause and made a part of the record therein, were based upon the admissions of the parties made as aforesaid," etc. But they do not say that the court made any entry of record of their agreement as is required by district and county court rule No. 47, nor does the record show any such entry.

Both parties insist that the recital in the judgment that the court heard the evidence is binding upon this court, and because neither party has attacked the correctness of the court's finding of fact, it is our duty to consider the case upon the merits.

In the case of Oilmen's Reciprocal Ass'n v. Gilleland (Tex.Civ.App.) 285 S.W. 648, this court decided a controversy upon an agreed statement as to what the contract of insurance stipulated. This statement was signed by counsel. After the decision in this court, counsel entered into a written agreement, which recited that they had erroneously stated the particular provision in the policy in the original agreed case, and asked for a reconsideration in the light of the change made in the statement of facts. Relying upon the long list of authorities cited in the case of Parrish v. Wright (Tex.Civ.App.) 293 S. W. 659, 660, holding that a statement of facts could not be so altered, we overruled the motion without a written opinion. Writ of error was granted, and the Commission of Appeals (291 S.W. 197) held that this court should have permitted the statement of facts to be altered by agreement of counsel upon motion for rehearing, and reversed our judgment.

The effect of that decision was to change the rule which has obtained in this state for more than half a century, that a statement of facts cannot be altered, modified, or corrected in the appellate court. While we still adhere to the principles announced in the original opinion herein, and are convinced that we have no jurisdiction, in order to save time, and in view of the hold-

ing in the Gilleland Case, we have decided to consider the controversy upon the merits. Our action in this behalf, however, is not to be taken as an approval of the slipshod method in which this case was tried nor any authority which indicates that it is our duty on motion for rehearing to overlook the defects in this record and pass upon the merits.

In addition to the statement made in the original opinion, we will add the substance of the material findings of fact filed by the court:

1. Harper was elected and qualified as treasurer for Tom Green county for a term of two years, commencing January 1, 1933, and served until his death on May 6, 1934. His reports during the time were examined and approved by the commissioners' court.

2. On August 1, 1933, the commissioners' court made its order, allowing the treasurer a commission of one per cent. of all moneys received by him, and one per cent. of all moneys disbursed, not to exceed the sum of $2,000 in any one year.

3. Harper issued a voucher to himself in the sum of $659.74, representing one per cent. commissions on receipts and disbursements for the month of January, 1934, and issued another voucher for $1,340.26 as his compensation from January 1, 1934, to May 6, 1934. The commissions of one per cent. on receipts and disbursements during that period amounted to $3,424.08.

4. He made his reports regularly to the commissioners' court, and in each instance said reports were fully examined, approved, and ordered entered of record by the court.

8. George A. Bond qualified as county treasurer on May 15, 1934, and served until the end of the year.

12. The total receipts from January 1, 1934, to May 6, 1934, amounted to $216,903.91, and the total disbursements during the same period amounted to $122,937.35.

14. On September 11, 1934, the commissioners' court entered an order fixing the commissions of George A. Bond as treasurer at one-half of one per cent. on receipts and disbursements from the time of his appointment until the remainder of the term, such order being made without the knowledge of Motley, the administrator.

15. About December, 1934, the county paid Bond the sum of $983.53, being one-half of one per cent. of all receipts and disbursements, from May 15, 1934, to December 31, 1934.

The court's conclusions of law are in substance as follows:

1. The order of the commissioners' court, dated August 1, 1933, fixing the treasurer's commission as one per cent. of all receipts and disbursements, was effective to fix the treasurer's commissions at one per cent. until the death of Mr. Harper on May 6, 1934, in view of the orders approving the commissions retained in January and February, 1934.

3. Prior to his death, Harper earned only the sum of $684.93 in 1934, that being such a proportional part of $2,000 as the time from January 1, 1934, to May 6, 1934, bears to the whole of said year.

4. After his appointment, George A. Bond was entitled to a commission of at least one-half of one per cent. on receipts and disbursements not to exceed $1,315.07, that being such a proportional part of $2,000 as the time from May 15, 1934 (the date of his appointment), to the end of 1934 bears to the whole of that year.

5. Bond's commissions being $983.53, and the county having paid him that amount, it is entitled to recover that sum from the estate of the deceased; the county not being entitled to recover more than it has paid to Bond.

Judgment was entered in accordance with the court's findings, from which Motley, the administrator of Harper, prosecuted this appeal.

The substance of the first proposition is that the court erred in applying that part of Rev.St. art. 3898, which reads as follows: "Whenever such officer serves for a fractional part of a fiscal year, he shall nevertheless file his report and make settlement for such part of the year as he serves, and shall be entitled to such proportional part of the maximum allowed as the time of his services bears to the entire year." We sustain this proposition. That article applies only to the officers mentioned in what is known as the Maximum Fee Bill, of which the article is a part. Rev.St. art. 3883, as amended (Vernon's Ann.Civ.St. art. 3883) which specifies the officers coming within the provisions of the act, does not mention county treasurers.

The appellee cites the case of Davenport v. Eastland County, 94 Tex. 277, 60 S.W. 243. In our opinion that case is not authority in this controversy. In that case the county treasurer had qualified November 1, 1896, and served until his successor qualified on November 19, 1898, or eighteen days more than two years. Between November 1st, when his term of office expired, and November 19th, he collected and paid out a considerable sum of money. The question was whether he was entitled to full commissions on the moneys received and paid out. or only such proportion of $2,000 as the time he served over two years bears to the whole year.

In Hill County v. Sauls (Tex.Civ.App.) 134 S.W. 267, 269, Rainey, C. J., said:

"Had he been allowed to retain the full commissions on the amount collected and paid out, injustice would have been done his successor, as appellant would have gotten a greater proportion of the $2,000 than he was entitled to.

"But such is not this case. Here, the treasurer served for more than 12 months, and he was entitled to commissions on the money as it was received and paid out, and the sum he received for commissions, not exceeding $2,000 for that year, the county is in no attitude to complain."

See, also, Charlton v. Harris County (Tex.Civ.App.) 228 S.W. 969.

■ In Rev.St. art. 3941, the Legislature, in providing for the compensation to be paid county treasurers in the form of commissions on moneys received and disbursed by him, empowered the commissioners' courts by order duly entered to fix the per cent. to be paid him. An order was made in this case, and his reports showing that he had deducted his commissions during January and February were duly approved by the commissioners' court. If Harper had served after the expiration of his term longer than two years, under article 16, § 44, of the Constitution, which requires an officer to hold his office for the statutory period and until his successor has qualified, the Davenport Case would necessarily control our disposition of this controversy.

Article 3941 provides that the county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners' court as follows: "For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent., and not exceeding two and one-half per cent. for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor."

Article 3943 (as amended by Acts 1931, c. 346, § 1, Vernon's Ann.Civ.St. art. 3943) limits the amount of compensation to be paid him for any one year to $2,000.

In the case of Harris County v. Charlton, 112 Tex. 19, 243 S.W. 460, 464, 245 S.W. 644, the Supreme Court said:

"The commissions accrued to the benefit of the county treasurer as he handled the various funds intrusted to his care. Under article 928, R.S.1895, he was required to make reports to the county commissioners' court at each regular term thereof, but he was handling both the funds of the county and of the available school fund from his induction into office, and he was entitled to commissions upon the funds so handled as they were received and disbursed by him.

"When his limit of $2,000 was reached in collecting and disbursing these funds, in whatever month, then his right to collect and retain further commission from either fund ceased."

To the same effect is the holding in Presidio County v. Walker, 29 Tex.Civ. App. 609, 69 S.W. 97.

Whether Bond was entitled to compensation, and upon what basis, is foreign to the inquiry, and we do not pass upon that question. It may be admitted that the law as it exists may be the cause of injustice in cases of this character, but that is a matter within the power of the Legislature to remedy, and with which the courts have no authority to interfere.

For the reasons stated, the judgment is reversed and the cause remanded.