[No. 7405.  Decided July 28, 1908.]

EDWIN A. STEVENS et al., Appellants, v. JOHN DOOHEN et al., Respondents.[1]

JUDGMENT—RECITALS—SERVICE OF PROCESS—PRESUMPTION. A tax foreclosure judgment will not be set aside for failure of the summons by publication, prior to amendment thereof, to properly describe the property, where the court found and the judgment recited due service of the summons, and there was no proof that another due service had not been made on the defendant, who was a resident in an adjoining county; and the fact that a clerical error in the judgment in one place referred to the lot by the erroneous description used in the summons as first published does not affect the presumption of due service, the error in the judgment being surplusage.

TAXATION—JUDGMENT—IRREGULARITY—EFFECT. An irregularity in a tax foreclosure judgment foreclosing a lien against lot 23, in giving the number of the lot in a tabulated statement as lot 22, following the proper description, is a clerical error to be treated as surplusage that does not avoid the judgment.

[1]Reported in 96 Pac. 1032.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 20, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to set aside a tax deed and to quiet title. Affirmed.

*McCormick & Lyle* and *Charles A. Murray*, for appellants.

*Boyle, Warburton, Quick & Brockway*, and *Walter M. Harvey*, for respondents.

MOUNT, J.—This action was brought by the appellants to set aside a tax deed, to quiet title, and to obtain possession of lot 23, in block 1707, in the city of Tacoma. It appears that the appellants, A. E. Stevens and wife, acquired this lot in the year 1888. They paid no taxes on the lot after the year 1895. The taxes became delinquent for the year 1896 and subsequent years. On May 13, 1901, respondent John Doohen purchased a certificate of tax delinquency against the lot. Thereafter in July of 1901, he brought an action to foreclose this certificate for taxes and interest, amounting to $410.82. A summons describing lot 22, in the same block, was served upon the county treasurer, and a copy was published four successive weeks in the "Tacoma New Herald." This summons was then changed so as to describe lot 23, and was published three successive weeks in the same paper. The last publication was made on September 7, 1901. On that date the publisher of the paper made an affidavit that the summons describing lot 23 was published seven successive weeks from July 20 to September 7, 1901. On July 18, 1901, an application was made for judgment. In this application the lot was described as lot 22, block 1707. On September 23, 1901, an order of default was entered, and on the same day a judgment was entered which recites the following:

"This cause having this 23d day of September, A. D. 1901, been brought on to be heard upon the application for judgment foreclosing the tax lien filed herein, the plaintiff being

represented by his attorney F. Campbell, and the defendant being in default and his default entered, and upon proofs adduced, it appearing to the court that the statements and allegations set forth in said application are true, the court finds as follows: First. That there is now outstanding an unredeemed certificate of delinquency numbered 383, issued on the 13th day of May, A. D. 1901, by the county of Pierce, state of Washington, for the amount of $56.25, the same being the amount then due and delinquent for taxes for the year 1896, together with penalty, interest and costs thereon, upon real property situate in said county, and particularly bounded and described as follows, to wit: Lot 23, block 1707, map of Tacoma, according to the recorded plat on file in the auditor's office of Pierce county, Washington.  . . .  Seventh. That summons and notice has been duly served in this proceeding as required by the statute of this state, and such statute complied with in all other respects pertaining thereto. It is therefore adjudged and decreed that plaintiff herein be given judgment against the property hereinbefore mentioned, for the aforesaid amount of plaintiff's lien, with costs amounting to $410.82, which said judgment shall be a several judgment against each tract or lot, or part of a tract or lot of land hereinbefore mentioned, in the amount set opposite thereto, as follows."

Then follows a tabulated statement of the taxes, interest, and costs itemized for the different years, and a description of the property as "lot 22, block 1707, map of Tacoma." The decree concludes with an order upon the treasurer to sell "the premises hereinbefore mentioned." The county treasurer, pursuant to this order, sold lot 23, block 1707, in October, 1901, and John Doohen became the purchaser for the amount of the judgment. It is stipulated that the lot at that time was worth $450. Mr. Doohen took possession of the lot and made certain improvements thereon, and paid street assessments to the amount of $1,200. On January 10, 1906, he sold the lot and an adjoining lot to respondent Williams and wife for $12,000. A short time prior to the bringing of this action, the appellants Stevens and wife conveyed an undivided one-half interest to appellants Rea and

wife. Owing to the advance in price of real estate, the lot is now worth about $10,000. Before bringing the action, appellants tendered to respondents $1,800 in payment of taxes, street assessments, improvements, interest, and costs. Upon the trial of the case the court found that the plaintiffs were guilty of laches, and therefore dismissed the action. Plaintiffs appeal.

There are facts in the record which tend strongly to show laches on the part of the appellants, but we shall not consider these facts because we prefer to rest the decision of the case upon the validity of the judgment in the tax foreclosure proceeding. At the trial the appellants offered in evidence the entire record in the foreclosure proceeding. This record shows certain imperfections, particularly in the number of the lot, but the judgment upon its face shows jurisdiction in the court and appears to be regular. It shows that the court received proof and found that summons had been regularly served as required by the statute. There is no proof in the record that no other summons than the one in the record was served. The evidence shows that the defendant in that action was a resident of Olympia at that time, and there is no evidence that he and the county treasurer were not served personally with a proper summons.

In *Bock v. Sanders*, 46 Wash. 462, 90 Pac. 597, we said:

"It is the established law in this state that when the judgment recites that due service of process was made, the presumption of jurisdiction is not overcome by any defects in the record. *Noland v. Arnot*, 36 Wash. 101, 78 Pac. 463, and cases cited."

In *Peterson v. Lara*, 46 Wash. 448, 90 Pac. 596, we said:

"This question has been decided so often that it is no longer an open one in this court."

The appellants seek to distinguish these cases by the assertion that the judgment in this case is not regular upon its face by reason of the fact that, in the tabulated itemized

statement, the lot is referred to as lot 22. This is clearly a clerical error, for the judgment is rendered against lot 23. Just preceding the tabulated statement the judgment is given "against the property hereinbefore mentioned," and the only property before mentioned was lot 23, which was particularly described. The form of judgment used was a printed form adapted to the foreclosure of liens for more than one parcel or lot of land at the same time, and in such cases there would be necessity for the amount to be segregated to each parcel. But in this case there was no necessity for such segregation or further designation of the number of the lot. This subsequent statement of the number of the lot was therefore surplusage, and was not even misleading because it is manifestly a clerical error. It certainly did not amount to an irregularity sufficient to defeat the judgment. Appellants also cite the case of *Bauer v. Widholm*, 49 Wash. 310, 95 Pac. 277, but that was a case where we held that the summons was void and where it was admitted by the pleadings that "no service whatever had been made other than the one above mentioned."

We are of the opinion that the judgment in the tax foreclosure case was a valid judgment under the facts shown, and the judgment appealed from must therefore be affirmed.

HADLEY, C. J., CROW, and FULLERTON, JJ., concur.