### S. B. HUDSON v. T. H. SMITH ET AL.

Decided December 21, 1910.

**Injunction—Judgment of Justice Court.**

When a Justice Court has jurisdiction of the subject matter of the litigation and of the person of the defendant, its action, however erroneous in overruling a plea of privilege by the defendant, will not render its judgment void; and a District Court would have no jurisdiction to interfere by injunction with the execution of the judgment; the fact that the amount in controversy was less than $20 and the defendant had no appeal from an unjust judgment would not alter the case.

Appeal from the District Court of Terrell County. Tried below before Hon. W. C. Douglas.

*J. B. Ross* and *A. T. Folsom,* for appellant.

*E. B. Ward,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a decree of the District Court dissolving a temporary writ of injunction procured by the appellant Hudson against appellees, T. H. and W. B. Smith, partners under the firm name of Smith & Son, G. W. Robinson, justice of the peace of precinct No. 2 of Uvalde County, and J. C. Bean, sheriff of Terrell County, to restrain them from enforcing and collecting a judgment rendered in said justice's precinct in favor of Smith & Son against Hudson for the sum of $16, upon which execution was placed in the hands of J. C. Bean as sheriff of Terrell County and levied upon a talking machine and records for its use, the property of defendant in the execution, of the value of $47.50. Judgment was also asked that said judgment be declared a nullity.

A general demurrer was sustained to plaintiffs' bill, and a decree entered dissolving the injunction and denying him the relief sought.

The substance of plaintiffs' allegations in their bill is: That on February 19, 1908, Smith & Son sued plaintiff and the Sanderson Drug Co., before G. W. Robertson in the Justice Court of precinct No. 2 of Uvalde County for $16 alleged to be due them for wood alleged to have been delivered by them to plaintiff and the Sanderson Drug Company; that plaintiff is now, and was at the time the suit was brought, the sole owner of said Drug Company and doing business under its name in Sanderson, which is precinct No. 1, Terrell County, where he then and ever since has resided and has had his domicile and that plaintiff made no agreement, nor executed any written contract to be performed by him in Uvalde County, nor did the alleged cause of action, upon which said judgment was rendered, accrue there.

That when said suit was called for trial, the plaintiff herein, at his earliest opportunity and before making any announcement therein, presented his plea of privilege to be sued in the county of his residence, which plea alleged, in substance, that he was not at the time the suit was instituted, nor at the time of the service of process, nor at the time of filing the plea, a resident of Uvalde County, but was at all times before mentioned a resident of precinct No. 1 of Terrell County; and that the alleged cause of action did not accrue in Uvalde County and that he did not execute any contract in writing to be performed in said county connected with the purchase of said wood; and that none of the exceptions to exclusive venue in the county of his residence mentioned in articles 1194 and 1585 of the Revised Statutes existed in said case, plaintiff herein asking in said plea the court in which said suit was pending to transfer it to the Justice Court of precinct No. 1 of Terrell County for trial; and that said plea was signed and duly sworn to by him; that plaintiff insisted before said court on his plea of privilege, and introduced evidence in support thereof, proving all the facts alleged therein; but that the court overruled the same, tried the case and rendered judgment against him, on April 7, 1908, for the sum of $16; that within a seasonable time after the judgment was rendered, plaintiff filed and presented to the court his motion for a new trial, which was overruled.

That on March 19, 1909, plaintiffs in said case (J. M. Smith & Son) caused an execution to be issued on said judgment, directed to and placed in the hands of the sheriff of Terrell County (J. C. Bean), who on April 14 levied the same on a certain Victor talking machine and fifty records used thereon, valued by the sheriff at $47.50, the property of plaintiffs, and advertised said property for sale; that said execution has (not) the certificate of the county clerk of Uvalde attached thereto, showing that G. W. Robinson, who issued the same, is an acting justice of the peace of said county; nor is there any certified copy of the costs taxed against defendants in execution attached thereto, nor does the execution show the style and number of the cause in which it was issued.

The plaintiff is not now, nor when said suit was instituted in the

Justice Court, justly indebted to J. M. Smith & Son in any sum of money whatsoever; that their claim upon which said judgment was rendered had been fully paid and satisfied before the suit was brought.

That if defendant, J. C. Bean, is permitted to sell the property levied upon by virtue of said execution, plaintiff will be unjustly deprived of the value of the same and the benefits and profits of the same to his business, the value being $50 and the benefits and profits of same to plaintiff's business $25; that on April 27, 1908, defendants Smith & Son, knowing said judgment was invalid, caused an abstract thereof to be made, filed and recorded in the office of the county clerk of Terrell County, in which county plaintiff resides and is engaged in the drug business and owns considerable property; both real and personal, for the purpose of harassing plaintiff, injuring his business by casting the shadow of a lien upon his property, to his damage in the sum of $100.

That plaintiff has no adequate remedy at law to prevent the sale of the property levied upon, nor prevent the enforcement of said judgment, which is void by reason of the fact that the Justice Court wherein it was rendered had no jurisdiction of the person of this plaintiff as defendant in said suit.

Plaintiff's bill closes with a prayer for a writ of injunction against all the defendants restraining them from further proceedings under said judgment and execution; that defendant J. C. Bean, as sheriff, be required to return to the District Court of Terrell County, in which this suit is brought, the execution under which the levy was made, and that the same be filed by the clerk among the papers in this case; that defendant G. W. Robinson, justice of the peace of precinct No. 2 of Uvalde County, be required to transmit all original papers in said cause No. 194, entitled J. M. Smith & Son v. W. B. Hudson and Sanderson Drug Co., on file in his court, together with a transcript of all orders, judgments and entries made in said cause, to the clerk of the District Court of Terrell County, to be by him filed among the papers in this case; that upon final hearing that the judgment of said Justice Court be annulled and set aside, and that no further executions be issued thereon, and that the injunction be perpetuated; that the record of the abstract of said judgment, alleged in plaintiff's petition, be canceled and declared null and void; that plaintiff have judgment against defendants J. C. Bean and T. H. and W. V. Smith jointly and severally for the sum of $75 actual damages caused by filing and recording the abstract of said judgment, for costs of suit, and general relief in law and equity.

Had the whole relief thus prayed for been granted, it would have been wholesome, indeed, to plaintiff, though somewhat harassing to defendants. Plaintiff would have jingled one hundred and seventy-five dollars in his pocket, obtained from defendants by a legerdemain that would have palsied the hand of equity. The "talking machine" would have been released to catch the refrain of jingling dollars, would have sung the praise of the judge as though another Daniel had come to judgment, to the beauty and chivalry of Sanderson while gathered 'round the soda font in plaintiff's drug store drinking foaming, bubbling, sparkling

waters, and all would have gone merry as a marriage bell, while the sheriff paid the costs.

But the action of the District Court in sustaining a demurrer left only to the plaintiff these sad words, "It might have been"; to Smith & Son, their judgment intact; Bean with the execution in his hand, and Justice Robinson with the papers of the case in his office. Was this action on the part of the court right, was it just, was it equitable?

This question can not be determined by principles of ethics as conceived by scientists, but by principles of law as written, and equity as expounded by the courts. Neither the Constitution nor the law gives the right of appeal from judgments of the Justice Courts when the amount in controversy is not more than twenty dollars exclusive of costs.

An appeal is not a matter of right, but the right is conferred by the Constitution or statute. In the absence of such grant the right does not exist. A judgment from which there can be no appeal is conclusive between the parties, unless absolutely void.

The amount in controversy in the case wherein the judgment is sought to be enjoined, was less than twenty dollars, and therefore within the exclusive jurisdiction of the court which rendered it, from which no appeal could be taken. The Justice Court had jurisdiction of the subject matter of the litigation and the person of the defendant (plaintiff herein), for he appeared and answered in the case, filing his plea of privilege which was acted upon by the court. Whether the facts alleged in said plea were true, was a question to be determined by the court upon hearing the evidence upon the issue. Justice Robinson may have erred in overruling the plea of privilege. Whether he did or not, is beyond the province of any other court to determine.

But, let it be conceded that he did so err, and should have sustained the plea of privilege; this did not render the judgment against Hudson absolutely void. It was simply an error which, in a case where the amount in controversy gave the County Court appellate jurisdiction, could have been corrected on appeal to the County Court, and which would have been final and conclusive if no appeal were taken. But here, no appeal from the judgment sought to be enjoined was permitted by law, and the judgment became, as conclusive, after the overruling the motion for a new trial, as a judgment from which an appeal could be prosecuted would be if no appeal were taken from it.

Courts of equity will not interfere with judgments at law upon the ground that the judgment was erroneously rendered, but only upon the ground that its enforcement would be contrary to equity and good conscience, as evidenced by facts of which the aggrieved party could not avail himself as a defense at law. High on Injunctions, sec. 118. Hudson availed himself of every defense in the Justice Court that he had to Smith & Son's action. Though injustice may have been done him in rendering the judgment, that is not sufficient to entitle him to the relief he seeks in this case. High on Injunctions, sec. 113.

What can not be done directly under the law, equity will not interfere with by doing the things indirectly contrary to the law. In this case

the plaintiff seeks by his bill in equity to accomplish by injunction what should have been done by an appeal in a case where an appeal would lie; and, as an appeal could not be prosecuted in his case, he seeks to have substituted an injunction for an appeal, and thereby accomplish indirectly what he could not do directly. The hand of equity can not be extended to correct an error in the procedure of another court to judgment, nor annul the judgment because of such error, unless the judgment be absolutely void.

The court did not err in sustaining the demurrer to plaintiff's bill, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.