KRUEGEL v. WILLIAMS et al.

(Court of Civil Appeals of Texas. Texarkana. June 27, 1913. Rehearing Denied July 5, 1913.)

1. APPEAL AND ERROR (§ 684*)—RECORD—APPOINTMENT OF CLERK.

On appeal from an order denying a motion for the appointment of a clerk pro tem., an allegation in the motion that the clerk was a party to the suit was insufficient to establish such

to be the fact of record so as to be accepted on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2887–2890; Dec. Dig. § 684.*]

2. APPEAL AND ERROR (§ 85*)—ORDERS APPEALABLE.

An order denying a motion for the appointment of a clerk pro tem. is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 548–558; Dec. Dig. § 85.*]

3. APPEAL AND ERROR (§ 10*)—REMEDY BY MANDAMUS—CLERK PRO TEM.—REFUSAL TO APPOINT.

Where, in an action against the clerk, the court refuses to grant a motion to appoint a clerk pro tem., plaintiff's remedy is by mandamus.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 34–38; Dec. Dig. § 10.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Herman Kruegel against H. H. Williams and others. From an order overruling the motion to appoint a clerk pro tem., plaintiff appeals. Dismissed.

Herman Kruegel, of Dallas, for appellant.

WILLSON, C. J. This appeal is from an order overruling a motion made under article 1687, R. S. 1911, to appoint a clerk pro tempore in a suit brought by appellant in a district court of Dallas county. In his motion appellant alleged that H. H. Williams, the clerk of said court, was a party to the suit, and therefore that it was necessary, before he could procure the issuance of lawful process for service on said Williams and other defendants in the suit, that a clerk pro tempore should be appointed.

[1] Appellant's petition in the suit commenced by him is not a part of the record sent to this court. In no other way than by an allegation in his motion does it appear from that record that the clerk was a party to the suit. If, therefore, appellant was entitled to prosecute an appeal from the order of the court, we would be bound to hold he had failed to show that the action of the court was erroneous. The allegation in the motion that the clerk was a party to the suit is not evidence that he was, and we could not say from the record before us that the action of the court was not based on a finding, justified by evidence before him, that the clerk was not a party to the suit.

[2] But we are of the opinion that an appeal does not lie from such an order. A right to appeal exists only when given by the Constitution or a statute. Hudson v. Smith, 133 S. W. 488; Texas Rubber Co. v. Wilson, 137 S. W. 710. A right to appeal from an order in limine like the one in question is not given by either the Constitution or a statute, and therefore does not exist. State v. McElhinney, 241 Mo. 592, 145 S. W. 1142; Powdrill v. Powdrill, 134 S. W. 272.

[3] If the clerk was in fact a party to ap-

pellant's suit, his remedy, if he had one, for the refusal of the court to appoint a clerk pro tempore was the writ of mandamus, and not an appeal.

The appeal is dismissed.