## DEARING v. CITY OF PORT NECHES et al.
### No. 2465.

Court of Civil Appeals of Texas. Beaumont.

Nov. 29, 1933.

Rehearing Denied Dec. 6, 1933.

Jas. H. Rachford, of Beaumont, for appellant.

Geo. D. Anderson and W. T. McNeill, both of Beaumont, for appellees.

WALKER, Chief Justice.

This was an injunction suit by appellant, John W. Dearing, against appellee city of Port Neches to restrain the collection of the judgment affirmed by this court as reported, Dearing v. City of Port Neches, 46 S.W.(2d) 1062. See, also, Rachford v. City of Port Neches (Tex. Civ. App.) 46 S.W.(2d) 1057 (writ of error refused). Appellant's cause of action, as we understand his pleadings, is based upon the theory that the affirmed judgment was absolutely void; and further that the sale of the property, regularly seized under the judgment, should be restrained because of defects in the order of sale, notice of sale, and erroneous description of the property, as contained in the judgment; there was a further contention that the excess attorney's fees in the judgment rendered it void. There is no contention that the lower court, in rendering the judgment, did not have jurisdiction of the parties to the suit and of the subject-matter of the suit.

It appearing affirmatively upon the face of the record, both by the pleadings and the judgment, that the lower court had jurisdiction both of the parties to the suit and of the subject-matter of the suit, all assignments attacking the judgment as being void are overruled. In Texas Co. v. Honaker (Tex. Civ. App.) 282 S. W. 879, 883, it was said: "The reason the order was not void was that the court had jurisdiction of the subject-matter and of the parties to the application therefor." See, also, Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539.

If it be conceded that appellees recovered excess attorney's fees in the judgment attacked, that fact did not render the judgment void. "Mere irregularities or errors in the exercise of jurisdiction may or may not render the judgment reversibly erroneous, or voidable, but they do not render it void." 34 C. J. 509.

All contentions are overruled whereby appellant asserts that the errors assigned in Rachford v. City of Port Neches and Dearing v. City of Port Neches, reported as above indicated, rendered the judgment void. These contentions were fully discussed by us in those cases and were overruled.

Appellant makes two contentions under his theory that the erroneous description of the property in controversy rendered the judgment void: (a) The property was described in the judgment as being a part of "the Rachford and Dearing Addition to the City of Port Neches," when in fact it was a part of "the Rachford & Dearing Subdivision to the City of Port Neches." The evidence was clearly to the effect that there was only one Rachford and Dearing addition, designated officially as "Rachford and Dearing

subdivision." The lower court correctly held that no ambiguity grew out of this description; that the term "addition" was used correctly as being snyonymous, under the facts of this case, with the term "subdivision." (b) In foreclosing appellee's tax lien the judgment clearly described all the lots as being within the "Rachford and Dearing Addition to the City of Port Neches." In a subsequent section, in prorating the taxes against the several different lots and blocks for the years 1927, 1928, and 1929, all the lots and blocks were accurately described as being within the Rachford and Dearing addition except for the year 1929 where, due to a clerical omission, the description "Rachford and Dearing Addition" was omitted in the general description "T. F. McKinney Survey," upon which the Rachford and Dearing addition was situated. The trial court held that this omission was clearly a clerical error and, therefore, not destructive of the judgment. Stevens v. Doohen, 50 Wash. 145, 96 P. 1032, fully sustains this conclusion. In that case the judgment first described the property as "Lot 23," block 1707, and ascertained and decreed the amount of taxes due and then proceeded as follows: "It is therefore adjudged, ordered, and decreed that plaintiff herein be given judgment against the property hereinbefore mentioned, for the * * * amount of plaintiff's lien. * * *" Then followed in this judgment a tabulation of amounts of taxes, interest, and costs due on "lot 22," block 1707. In an attack on this judgment the Supreme Court of Washington said: "This is clearly a clerical error, for the judgment is rendered against lot 23. Just preceding the tabulated statement the judgment is given 'against the property hereinbefore mentioned,' and the only property before mentioned was lot 23, which was particularly described." But if it be conceded that the description rendered the judgment ambiguous, resort was properly had to the pleadings in the original case, the charge of the court, the verdict of the jury, in fact the entire record, to ascertain the property actually in controversy, and by this evidence it was shown beyond dispute that all the lots and blocks in controversy were in the Rachford and Dearing addition. Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122. Though the trial court held that the description was sufficient, yet judgment was duly entered correcting the mistake on the finding that the omission of the words Rachford and Dearing addition was merely a clerical error. This action of the court is fully sustained by the authorities. In De Hymel v. Mortgage Co., 80 Tex. 493, 16 S. W. 311, our Supreme Court held that a clerical mistake in the entry of the judgment was properly corrected after the end of the term and even after appeal was perfected. To the same effect, see Texas & N. O. R. Co. v. Walker, 39 Tex. Civ. App. 53, 87 S. W. 194; Ximines v. Ximines, 43 Tex. 458; Quarles Co. v. Lee (Tex. Com. App.) 58 S.W. (2d) 77. Burnett v. State, 14 Tex. 456, 65 Am. Dec. 131, and Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, 1041, are direct authority for the proposition that: "Every court has the right to judge of its own records and minutes, and, if it appear satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the term when it was made." The facts under this proposition were without controversy that in rendering the judgment the court actually foreclosed the lien against the property in controversy and actually found, in ordering the foreclosure, that the lots and blocks were part of the Rachford and Dearing addition.

■ What we have said above anticipates and disposes of appellant's criticisms against the order of sale and notice of sale. The judgment was in proper form in prorating and adjudging the taxes only against the specific lots against which the several items, making up the total sum of the taxes, were assessed. In this respect the judgment accurately conforms to the holding of this court in Broocks v. State, 15 S.W.(2d) 665. The judgment of the lower court is in all things affirmed.

Affirmed.