## TEXAS WHEAT GROWERS' ASS'N v. GOUGH.

### No. 4199.

Court of Civil Appeals of Texas. Amarillo.

April 2, 1934.

Rehearing Denied April 30, 1934.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

M. J. Baird, of Plainview, for appellee.

HALL, Chief Justice.

Appellee Gough sued the appellant association, alleging, in substance, that he entered into a contract with the association under the terms of which the defendant was authorized to market the wheat produced by plaintiff. That plaintiff was a member of the association in good standing and under said contract delivered to defendant certain wheat amounting to about twenty carloads. He sets out a list of the railroad cars, giving their numbers, and alleges the date when the wheat was delivered, together with the amount of each delivery and stating the grade and value thereof. That the defendant set what it termed a "station price" upon the wheat so delivered to it and proposed to make settlement with plaintiff on that basis. That defendant has refused to account to him and settle for the wheat so delivered to it and has charged plaintiff illegally and without authority "terminal charges" aggregating $1,292.08. That such charges were not authorized by the contract and were wrongfully made by the defendant. That more than 1,341 bushels of wheat received by the defendant have not been accounted for, which is of the value of $790. That defendant has failed and refused to account to plaintiff for wheat delivered to it and which defendant has sold and converted the proceeds thereof to its own use and benefit in the amount of, to wit, $10,049.98. That defendant has refused to furnish plaintiff detailed information of the handling of the wheat or to inform him when, where, and to whom said terminal charges were paid and why they were incurred, and to disclose the names of the purchasers of said wheat; that defendant is in full possession of all the facts and records showing said transactions and has deducted from the amount due plaintiff the cost of handling, storage, freight, insurance, and marketing expenses and an additional charge of 2 per cent. of the "gross resale proceeds." That plaintiff has endeavored to obtain the necessary information and has demanded that defendant exhibit to him the books and records of the association and all writings showing the manner in which defendant has handled, pooled, and sold the wheat and to inform him who were the purchasers thereof and the prices paid. That although defendant has records showing in detail the handling of the wheat, dates of the several sales, the amounts received therefor, it has refused to give plaintiff the desired information. The plaintiff prays that defendant be given notice "that on hearing of said bill of discovery said defendant be required to make and file in said cause a full and detailed account of said wheat and its handling by said defendant and others under the direction and consent of said defendant. That defendant be required to bring and present in said court all the original records showing the grading of said wheat, by whom said wheat was stored and the amount of storage paid, all in detail what each of said charges, if any, were expended for and to whom paid. That the defendant be required to produce in said court and file same, original records showing at what price said wheat was sold, to whom sold, and in fact a full accounting showing by the original records what and how the said grain belonging to this plaintiff was disposed of. That on final hearing of said case plaintiff have judgment for his debt as he may be entitled on the pleadings and the evidence introduced and for equity and general relief."

The petition is duly verified and has attached thereto numerous interrogatories inquiring specifically as to the several items, transactions, and shipments set out in the petition.

The defendant filed a verified answer, and upon a hearing without the introduction of any testimony, the trial judge entered an order granting substantially the relief prayed for in so far as plaintiff demanded a discovery. Defendant excepted to this order and has prosecuted this appeal.

R. S. art. 2002 provides: "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies."

Of course, the case has not been tried upon its merits and no final judgment has been entered therein. The order entered is simply an interlocutory decree made pending a trial of the cause on the merits. It does not dispose of all the issues presented by the pleadings and under the general equity practice no appeal lies from any such order. While it has been held in one case that an appeal may be prosecuted from such an order [Samuels v. Finkelstein (Tex. Civ. App.) 25 S.W.(2d) 923], we understand that in accordance with the usages of courts of equity and as held by the great weight of authority, such an order is not appealable.

In Southern Bag & Burlap Co. v. Boyd, District Judge, 120 Tex. 418, 38 S.W.(2d) 565, 569, in which the plaintiff sought a mandamus against the district judge requiring the latter to fix the amount of a supersedeas bond, and in which case there was a claim for commissions due the plaintiff on the sale of certain manufactured products and a prayer for an accounting, the court entered an order in substance like that entered in the instant case, commanding the Southern Bag & Burlap Company to deliver the books, records, correspondence, documents, etc., to the clerk of the district court for the purpose of permitting the plaintiffs, their counsel and accountants, to inspect and examine the same and to make such copies thereof as they deemed proper, and further ordered that said books, records, correspondence, etc., remain in possession of the clerk of the court until the trial of the cause on its merits, unless removed from his possession upon the order of the court. Upon writ of error to the Supreme Court, the Commission of Appeals, speaking through Critz, Justice, held that the relator was entitled to file the petition for mandamus, but further said: "It is clear that the order above set out is purely interlocutory and therefore not appealable. Texas Co. v. Honaker, 282 S. W. 879 (Tex. Civ. App. writ ref.). It follows that the respondent properly refused to fix the amount of the supersedeas bond."

The Honaker Case was decided by the Second Court of Civil Appeals, and the holding therein is based upon Hudson v. Smith, 63 Tex. Civ. App. 412, 133 S. W. 486; Kruegel v. Williams (Tex. Civ. App.) 158 S. W. 1052; 2 Story, Eq. §§ 1218–1220.

While there are a few cases holding that an appeal may be prosecuted from such an order prior to a hearing on the merits and a final judgment, according to the great weight of authority as shown by the decisions in equity cases, the rule is that no appeal lies until after final judgment.

"An order granting or refusing to require the production of books and papers is regarded as a mere interlocutory order and for that reason not subject to a separate appeal unless an appeal in such a case is permitted by statute. * * * Such an order is reviewable after final judgment as an intermediate order involving the merits and can not be taken up under a writ of review where the statute authorizes such a writ only where no appeal is provided." 9 R. C. L. 188, § 33.

"Unless allowed by the statute, an appeal will not lie from orders under a statute for discovery or the examination of parties or witnesses before trial * * * and orders for the production or the inspection of books and papers, except in so far as they are discretionary, are appealable under special statutory provisions in some jurisdictions, while in others they are not, but are reviewable only on appeal or error after final judgment." 3 C. J. 496, § 329.

For the reasons stated, the appeal is dismissed.

### On Motion for Rehearing.

In an extended motion for rehearing the appellant insists that it had the right to appeal and, after a searching and persuasive review of the authorities cited by us in the original opinion, contends that we are not supported by the decisions cited. In the alternative they insist that the trial court abused its discretion to such an extent as to authorize the appeal.

We see no reason for receding from our original position, and if the trial court has abused its discretion, appellant may probably have a remedy by mandamus; but we do not authoritatively so hold.

R. S. art. 2002 says that all trial courts shall entertain suits in the nature of bills of discovery and grant relief therein in ac-

cordance with the usages of the courts of equity.

A bill of discovery is a preliminary proceeding, and an order granting or denying the relief is clearly interlocutory in its nature, and the general rule in Texas is that no appeal lies from an interlocutory order of any description, unless the statute expressly authorizes such an appeal. Appellant concedes that there is no express authority for an appeal from an order granting or denying the prayer in a bill of discovery.

While there are some exceptions in other jurisdictions, we still hold that by the great weight of authority, especially in states where chancery courts exercising separate equity jurisdiction exist, the rule is that no appeal will lie unless there is express statutory authority.

In 3 C. J. 496, § 329, it is said: "Unless allowed by statute, an appeal will not lie from orders under a statute for discovery or the examination of parties or witnesses before trial; but such orders have been held appealable under statutes allowing an appeal from an order affecting a substantial right, from a final order in a special proceeding affecting a substantial right, and certain other special statutory provisions."

Texas has no such statutes as are mentioned in the text. The writer proceeds: "And orders for the production or inspection of books and papers, except in so far as they are discretionary, are appealable under special statutory provisions in some jurisdictions, while in others they are not, but are reviewable only on appeal or error after final judgment."

Innumerable authorities are cited in the footnotes sustaining this rule from eleven different jurisdictions, including the Supreme Court of the United States; the only exception being in West Virginia. Many of these states have separate law and equity courts.

In 9 R. C. L. 188, § 33, it is said: "An order granting or refusing to require the production of books and papers is regarded as a mere interlocutory order and for that reason not the subject of a separate appeal unless an appeal in such a case is permitted by statute."

Reference to the authorities cited in the footnotes sustains the rule announced in the text. The citation further proceeds: "Such an order is reviewable after final judgment as an intermediate order involving the merits and can not be taken up under a writ of review where the statute authorizes such right only where no appeal is provided."

While we believe that it is a subject for legislative determination and that the right of appeal in such cases should be provided by statute, until that is done no right of appeal exists.

The motion is overruled.